UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SIGMONE,
on behalf of himself and all others
similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No.

ACROPOLIS II, INC., and
JAMES SIGMONE, Individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SIGMONE, on behalf of himself and all others similarly situated, hereby sues Defendants, ACROPOLIS II, INC. ("Acropolis" or "Defendant") and JAMES SIGMONE, Individually, and states as follows:

### INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff and all other current and former employees of Defendants that are similarly situated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, Acropolis, is a Florida Profit Corporation, authorized and doing business in this Judicial District.

4. Defendant, Acropolis, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

5. At all times material hereto, Defendant, James Sigmone, Individually, was an officer of the Defendant Corporation and had direct

responsibility and control over the compensation paid to employees of the organization.

6. Plaintiff is an adult and a resident of Pasco County, Florida.

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## **GENERAL ALLEGATIONS**

8. At all times material, Defendants willfully violated the Fair Labor Standards Act.

9. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## **FACTUAL ALLEGATIONS**

11. Plaintiff, John Sigmone, was employed by Defendants as a Meat Cutter from approximately 1987 to June 28, 2022. In this role, Plaintiff, and others similarly situated, were non-exempt employees under the Fair Labor Standards Act.

12. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours per week for which he was not paid time and half his regular rate of pay, despite being non-exempt under the FLSA.

13. Defendants employed, and continues to employ, numerous employees who were and are non-exempt employees, had to adhere to the same policies and procedures of Defendants and had the same work requirements and compensation structure as Plaintiff.

14. Plaintiff, and all others similarly-situated, were/are working in excess of forty (40) hours per work week and Defendants knew or should have known.

15. At all times material, Plaintiff, and all other similarly-situated, were regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendants failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly-situated.

16. Plaintiff, and all others similarly-situated, were/are not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff, and all others similarly-situated, are entitled to overtime compensation for all overtime hours worked under the FLSA.

17. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly-situated.

18. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

19. Plaintiff, John Sigmone, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

20. Defendant, Acropolis, is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Defendant, Acropolis, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

22. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendants 29 U.S.C. §207(a)(1).

23. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the proper overtime rate.

24. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

25. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

26. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207.

27. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week and that it was improperly calculating Plaintiff's rate of pay.

28. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

29. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

30. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, John Sigmone, respectfully requests that judgment be entered in his favor against Defendants, including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Determining that the FLSA was violated and an adjudication on the merits of the case;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT II – FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION

32. Plaintiff, John Sigmone, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

33. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

34. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

35. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in the same or similar position held by Plaintiff during the applicable statute of limitations, who have not been properly compensated at

one and one-half times their regular rate of pay for all overtime hours worked, and for Defendants' failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

36. The putative class members are current, former, and future employees of Defendants who worked in excess of forty hours in at least one work week during the past three (3) years.

37. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendants.

38. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

39. Defendants' failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

40. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have

incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, John Sigmone, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

    (a)    Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

    (b)    Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

    (c)    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    (d)    An adjudication on the merits of the case; and

    (e)    Such other relief as the court may deem just and proper.

## COUNT III - FAIR LABOR STANDARD ACT – RETALIATION

41.    Plaintiff, John Sigmone, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

42.    On or about February 27, 2023, Plaintiff sent a demand to Defendants asserting his FLSA rights. Rather than address Plaintiff's concern and pay Plaintiff what he is owed, Defendant threatened counter claims in a

baseless legal action in retaliation for Plaintiff asserting his rights under the FLSA.

43. The above-described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

44. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

45. As a result of Defendants' unlawful acts against Plaintiff, he has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff, John Sigmone, demands a trial by jury against Defendants for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

### DEMAND FOR JURY TRIAL

46. Plaintiff, John Sigmone, on behalf of himself and all others similarly situated, demands a trial by jury.

Dated this 27th day of March, 2023.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*_____
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48931
miguel@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*