UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SIGMONE,
On behalf of himself and all others
similarly situated,

      Plaintiff,

v.                                                     Case No.: 8:23-cv-668-SCB-JSS

ACROPOLIS II, INC., and
JAMES SIGMONE, Individually,

      Defendants.
_____/

## **O R D E R**

Before the Court is the parties' Joint Motion to Approve Settlement Agreement. (Doc. 7). The motion is granted for the reasons stated below.

### I. Background

Plaintiff John Sigmone worked as a meat cutter for Defendant Acropolis II, Inc. ("Acropolis"), his family's butcher shop and grocery store, for approximately thirty-five years. Defendant James Sigmone is Plaintiff's brother and the majority shareholder of Acropolis.

On March 27, 2023, Plaintiff filed this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), asserting that Defendants failed to pay him and all other similarly situated employees

overtime wages in accordance with the FLSA (Counts I and II) and retaliated against him in violation of the FLSA (Count III). (Doc. 1).

On April 21, 2023, the parties participated in early mediation. (Doc. 7, ¶ 3). The mediation resulted in a full settlement of Plaintiff's FLSA claims. (*Id*.). The parties now seek approval of the settlement.

## II. Analysis

Because Plaintiff alleges that Defendants violated the overtime provisions of the FLSA, any settlement of his claims reached between the parties is subject to judicial scrutiny. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (providing that before a court can approve a settlement of FLSA claims and dismiss a case, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions"). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id*. at 1354.

The parties have reached a settlement wherein it is agreed that Plaintiff will receive a total of $4,000, which represents $2,000 in back wages and $2,000 in liquidated damages. (Doc. 7, ¶ 4; Doc. 7-1, ¶ 2). In addition to the settlement funds, Defendants have agreed to pay Plaintiff's share of the costs of mediation. (Doc. 7, ¶ 5). The parties have also agreed that Defendants will pay Plaintiff's counsel $1,000 in fees and costs. (Doc. 7, ¶ 4; Doc. 7-1, ¶ 2).

The parties represent that the attorneys' fees to be paid to Plaintiff's counsel were negotiated separately and did not compromise the amount to be paid to Plaintiff. (*Id.*, pp. 5, 9). Additionally, the parties explain that issues in this case are still in dispute and the settlement reached reflects a reasonable compromise of the disputed issues.

Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to fairly settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) The Joint Motion to Approve Settlement Agreement (Doc. 7) is **GRANTED**.

(2) The parties' settlement (Doc. 7-1) is approved. This case is **DISMISSED WITH PREJUDICE**. The Court does not retain jurisdiction to enforce the settlement agreement or enter judgment.

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of May 2023.

_____
SUSAN C. BUCKLEW
United States District Judge